Blake et al. *v.* Estate of Kimball.

---

AMPLIUS BLAKE AND HIRAM C. McINTYRE *v.* ESTATE OF SETH K. KIMBALL.

After an appeal has been taken from the probate court, and the bond for the appeal has been filed by the appellant and approved by the court, and the appeal allowed, the probate court have not power to order or permit that bond to be cancelled and another bond to be substituted for it.

APPEAL from the court of probate. The suit was referred, under a rule from the county court, and a report returned in favor of the plaintiff. But it appeared from the report, that, at the hearing before the referee, O. H. Smith was offered as a witness on the part of the plaintiffs, and was objected to, for the reason that he was surety upon the bond, which was filed in the probate court for the prosecution of this appeal, at the time the appeal was allowed, which was in October, 1846; and that said Smith thereupon produced that bond before the referee, with a certificate upon it, signed by the register of the court of probate, that it had been cancelled,—another bond having been substituted therefor, by order of the court of probate, May 7, 1849, on application of the persons signing the first bond. The witness was still objected to; but the referee, intending to decide according to law, overruled the objection and admitted the witness to testify. The county court accepted the report. Exceptions by defendant.

*Peck & Colby* for defendant.

*O. H. Smith* for plaintiffs.

Blake et al. *v.* Estate of Kimball.

The opinion of the court was delivered by

BENNETT, J.   Though this case comes up upon the report of a referee, yet it appears, he intended to decide according to law; and the only question is, was O. H. Smith a competent witness for the plaintiffs?

He was clearly interested in the event of the suit, unless his interest had been removed by what took place on the day of the reference.   The appeal was taken in October, 1846, and the witness, on that occasion, had executed to the probate court a bond, in common form, as surety for the appellants for costs, &c., which should arise from the appeal.   Upon the application of the signers of the bond, the probate court, on the seventh of May, 1849, decreed, that this bond should be held for nought.   We think this was beyond the powers of that court.

It is the duty of the probate court, before an appeal is allowed, to take a bond to secure the payment of costs and intervening damages; and when this is done, the case may rightfully pass to the county court.   Though the bond may be taken to the *adverse party*, or to the probate court, yet, if taken to the court, it enures to the use of the party.   The bond is to be to the *satisfaction* of the probate court; and so far the court act judicially.   But when the bond has been approved, and the appeal allowed, the duties of the probate court in relation to it are only ministerial, that is, of safe keeping for the use of the party, for whom it was taken; and the court, upon being indemnified against costs, are bound to permit the bond to be put in suit.   When the bond has been approved, and the appeal allowed, the powers of the probate court over it have been spent; and if it become insufficient, pending the appeal, the probate court cannot order a new bond.   It might probably be incident to the powers of the county court, in such case, to order additional security.

We think the decree of the probate court, upon the application of the signers of the bond, vacating it, was *extra judicial*, and of course without effect.   The fact, that the probate court on that occasion took a new bond, cannot aid in giving jurisdiction to decree the first bond null and void.   It is not necessary to decide, whether this second bond is valid, or not.   It is sufficient, that the first bond is still in force.

It has been asked, if this proceeding in the probate court does not restore the competency of the witness, how can it be done? If it cannot be done in the county court, by an order for new bail, under a rule that an *exoneretur* be entered upon the bond filed in the probate court, or under a rule for substituting another surety in his place, as was done in the case of a replevin bond in *Bailey* v. *Bailey et al.,* 1 Bing. 92, it is sufficient to say, that the bond was entered into voluntarily by the witness, by the procurement of the party, who wishes to use him; and if his competency cannot be restored, it is but the common case, where a witness becomes interested in the event of a suit by the conjoined act of the witness and the party who wishes to use him; and certainly the party in such case should not complain. It is his own act, that has rendered the witness incompetent.

The judgment of the county court, accepting the report, is reversed, and the case remanded to that court, to be farther proceeded with.